**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SAIDU SOW,**

           **Petitioner,**

           **v.**

**REBECCA ADDUCCI, IMMIGRATION
AND CUSTOMS ENFORCEMENT, DEPARTMENT
OF HOMELAND SECURITY,**

    **Respondent.**

           **Case No. 2:20-cv-2140
           Judge Sarah D. Morrison
           Magistrate Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Petitioner has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1).  This matter is before the Court on the Petition; Respondent's Answer and Motion to Dismiss or alternatively, Motion for Summary Judgment, (Doc. 3); Petitioner's Reply; and the exhibits of the parties.  For the reasons that follow, it is **RECOMMENDED** that Respondent's Motion (Doc. 3) be **GRANTED** and that this action be **DISMISSED**.

### I.    BACKGROUND

Petitioner, a 42-year-old citizen and native of Mauritania, is an immigration detainee in custody at the Morrow County Correctional Facility ("Morrow").  He recently tested positive for COVID-19.  This case concerns the conditions at Morrow and whether Petitioner should be released from custody.

In May 2001, Petitioner entered the United States and applied for asylum.  After his asylum application was denied, the Department of Homeland Security ("DHS") initiated removal proceedings against him in June 2005.  (Doc. 3-1, PAGEID # 56).  One year later, an

Immigration Judge ("IJ") ordered that Petitioner be removed after he failed to appear at his hearing. (*Id.*).

A decade passed, and in 2016, Petitioner was convicted in the Hamilton County Court of Common Pleas on charges of aggravated vehicular assault and related misconduct and sentenced to 36 months incarceration. (*Id.*, PAGEID # 57). After completing his prison sentence in October 2018, authorities transferred Petitioner to DHS custody pursuant to the outstanding removal order. (*Id.*, PAGEID # 58). Over the past 18 months, Plaintiff has been litigating his removal while in immigration detention. (*Id.*, PAGEID # 58–59).

In March and April 2020, the COVID-19 pandemic intensified as the virus spread throughout the country's jails, prisons, and immigration detention facilities. Morrow was no exception, and Petitioner tested positive for COVID-19 on April 24, 2020. (Doc. 1, PAGEID # 6). Although Petitioner is not at high risk for complications from COVID-19, (*id.*, PAGEID # 15), as this Court recently found in a related case, the conditions at Morrow are troubling: (1) detainees live, eat, and shower in enclosed common areas; (2) as of May 6, 2020, 47 of 49 detainees had tested positive for COVID-19; (3) detainees' vitals are checked twice per day, below the minimum number recommended by Ohio Department of Health ("ODH") guidelines; (4) medical staff has limited contact with detainees during the day; (5) no medical staff is present during the night or on the weekends; (6) detainees receive limited treatment if diagnosed with COVID-19; (7) detainees are responsible for cleaning their own living areas, and the areas inhabited by those who are not able or willing to clean remain uncleaned; (8) detainees' bathrooms are "filthy;" (9) the frequency of laundry is limited, and there is an inadequate supply of soap and masks; and (10) the wearing of masks is not required at Morrow. *Prieto Refunjol v. Adducci*, No. 2:20-CV-2099, 2020 WL 2487119, at *10–13 (S.D. Ohio May 14, 2020).

Petitioner's account of his detention at Morrow is consistent with these findings. (*See* Doc. 4-1, PAGEID # 87–88).

On April 28, 2020, Petitioner filed his Petition (Doc. 1). He asserts that: his detention in punitive conditions at Morrow violates his Due Process rights, (Claim One); he is being subjected to deliberate indifference because of Respondent's failure to provide him adequate medical care, (Claim Two); and the BIA's prolonged review of his case violates procedural due process, (Claim Three). (*See generally id.*).

On May 19, 2020, the Court issued an Order (Doc. 6), stating that it intended to rely on its factual findings from its decision in *Adenis Enrique Prieto Refunjol, et al. v. Rebecca Adducci, et al.*, 2:20-cv-2099, Doc. 44 (S.D. Ohio May 14, 2019), and the evidence the parties submitted with their briefs. The Court requested that the parties inform it whether they wished to submit any additional evidence for the Court's consideration. (Doc. 6). Petitioner notified the Court that it did not intend to submit any additional evidence. (Doc. 7). The Petition is now fully briefed and ripe for resolution.

## II. STANDING AND PROPRIETY OF HABEAS CORPUS RELIEF

Respondent raises two preliminary arguments in support of her Motion to Dismiss. She first argues that Petitioner lacks standing to bring this case because Petitioner cannot establish any actual injury and that Petitioner's release will not, in any event, redress the alleged harm. (Doc. 3, PAGEID # 42–43). She then contends that Petitioner's claims raise issues involving the conditions of his confinement, which do not provide a basis for federal habeas corpus relief. (*Id.*, PAGEID # 44–46).

This Court recently rejected both arguments in *Prieto Refunjol*, first addressing Respondent's standing argument:

> [*A*]*ll* individuals infected with COVID-19 are at risk of experiencing a sudden and rapid decline in their condition. This potentiality, combined with Morrow's lack of adequate monitoring, creates a genuine risk that is sufficiently "imminent," and in some cases already present, to give the [] Petitioners standing. *See Helling*, 509 U.S. at 33 ("We have great difficulty agreeing that prison authorities . . . may ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year.").

*Prieto Refunjol*, 2020 WL 2487119, at *20 (granting, in part, motion for preliminary injunction). Petitioner has standing to challenge his continued incarceration here as a result.

The Court then turned to Respondent's cognizability argument, holding that the detainees' claims requesting release based on the conditions at Morrow resulting from the COVID-19 pandemic could be addressed under 28 U.S.C. § 2241. *Id.* (collecting cases). A lawsuit that questions the validity of a prisoner's confinement is the archetypal habeas case. *Id.* at *17 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)) ("In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement….").

So too here. The Court will address the merits of Petitioner's claims as a result.

### III.     CLAIMS ONE AND TWO

Petitioner asserts that the government has failed to protect him from punitive prison conditions caused by the COVID-19 pandemic and failed to provide him with adequate medical care.

In Claim One, Plaintiff alleges that Respondent has subjected him to unconstitutional punishment in violation of the Fifth Amendment. A detainee can demonstrate that he has been unconstitutionally "punished" in violation of the Fifth Amendment by showing intentional punishment or "that a restriction or condition is not rationally related to a legitimate government

4

objective or is excessive in relation to that purpose." *Prieto Refunjol*, 2020 WL 2487119, at *20 (citing *J.H. v. Williamson Cty., Tennessee*, 951 F.3d 709, 717 (6th Cir. 2020)).

In Claim Two, Plaintiff alleges that Respondent has been deliberately indifferent to his serious medical needs subjecting him to risk of serious harm. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general wellbeing." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted). For detainees like Petitioner, "claims relating to health concerns … are analyzed using an Eighth-Amendment, deliberate-indifference framework." *Prieto Refunjol*, at *4 (citing *Watkins v. City of Battle* Creek, 273 F.3d 682, 685–86 (6th Cir. 2001)). Thus, the "deliberate indifference" standard, which contains an objective and subjective component, applies to Petitioner's claim of inadequate medical care. *Adkins v. Morgan Cty.*, 798 F. App'x 858, 861–62 (2020).[1]

Both claims fail for the same reason: Petitioner is not at high risk of severe complications from COVID-19. With respect to Claim One, "Respondent[] undoubtedly ha[s] a legitimate interest in detaining immigrants in removal proceedings in order to ensure that they will appear for future court proceedings and that the government will be able to deport them." *Prieto Refunjol*, 2020 WL 2487119, at *20. The relevant question then is whether the risk to Petitioner's safety outweighs Respondent's interest in detaining him. *Id.* at *21 (citation omitted).

On the evidence before the Court, it does not. Petitioner is 42-years-old and has no pre-existing conditions that place him at high risk for complications from COVID-19. (Doc. 1, PAGEID # 15). This Court has found that detention in Morrow under the "unique

---

[1] Given intervening changes in the law, it remains an open question whether a pretrial detainee or, it follows, a civil detainee must prove the subjective component. *See Richmond v. Huq*, 885 F.3d 928, 938 n.3 (6th Cir. 2018) (noting circuit split but declining to address the issue). That question need not be resolved here.

circumstances" described above is "tantamount to an intent to punish" for those detainees "*who are currently most at risk*" for complications from COVID-19.  *Prieto Refunjol*, 2020 WL 2487119, at *26 (emphasis added).  But Petitioner is not in that category of detainees, (*see* Doc. 1, PAGEID # 15), and his due process claim fails as a result, *see Prieto Refunjol*, 2020 WL 2487119, at *26; *accord id.* at *29 (denying release based on due process claim for infected detainees who were not at high risk of complications from COVID-19).

Claim Two fares no better.  To succeed on his deliberate indifference claim, Petitioner must show "a sufficiently serious medical need," in that he "is incarcerated under conditions imposing a substantial risk of serious harm." *Miller v. Calhoun Co.*, 408 F.3d 803, 812–13 (6th Cir. 2005) (citations omitted).  This includes both present and future risks of serious harm.  *See Helling*, 509 U.S. at 33 ("We have great difficulty agreeing that prison authorities may not be deliberately indifferent to an inmate's current health problems but may ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year…. That the Eighth Amendment protects against future harm to inmates is not a novel proposition.").

But Petitioner is not at high risk for complications due to COVID-19.  Yet, despite the Court's invitation to do so, Petitioner has not presented any evidence to show that he is at higher risker for complications due to COVID-19.  Because Petitioner has not demonstrated that he is at substantial risk of a serious future harm, Claim Two fails as a result.  *See, e.g.*, *Fofana v. Albence*, No. 20-10869, 2020 WL 1873307, at *10 (E.D. Mich. Apr. 15, 2020) (holding that certain detainees were not likely to succeed on the merits of their deliberate indifference claim because there was no evidence that they suffered from any underlying conditions that placed them at high risk for serious illness from exposure to COVID-19); *accord Prieto Refunjol*, 2020

WL 2487119, at *29 (denying release based on deliberate indifference claim for infected detainees who were not at high risk of complications from COVID-19).

Two final points are worth making.  First, in her research, the Undersigned has found no case in which a court has ordered the release of a detainee who has tested positive for COVID-19 but is not at high risk of complications due to his age or underlying medical conditions.  And Petitioner has not identified any such authority.  Second, the Undersigned's conclusion that Claims One and Two lack merit is consistent with the Court's conclusion in *Prieto Refunjol*, which distinguished between detainees at high risk of complications from COVID-19 and those who were not.  *See Prieto Refunjol*, 2020 WL 2487119, at *29.  With those observations in mind, the Undersigned recommends that Claims One and Two be dismissed.

## IV. CLAIM THREE

In Claim Three, Petitioner argues that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained 18 months now while challenging his order of removal and will continue to be detained while awaiting a decision from the BIA. (Doc. 1, PAGEID # 23–24).

Unfortunately for Petitioner, the Supreme Court and Sixth Circuit disagree.  *Zadvydas* permits detainees with final removal orders to challenge their continued detention pending removal.  533 U.S. at 701.  But courts recognize a constitutional distinction between pre- and post-removal order detention.  *Hamama v. Adducci*, 946 F.3d 875, 879 (6th Cir. 2020).  Petitioner does not have a final order of removal and is being detained pursuant to 8 U.S.C § 1226(a). (Doc. 3-1, ¶ 3).  He cannot seek relief under *Zadvydas* as a result.  *See Hamama*, 946 at 879–90 (citing *Jennings v. Rodriguez*, — U.S. —, 138 S. Ct. 830, 843–46 (2018)) (holding

7

that the *Zavydas* standard does not apply to 8 U.S.C § 1226(a)).  Claim Three is, therefore, without merit.

V.      **DISPOSITION**

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:   June 4, 2020                                             /s/ Kimberly A. Jolson
                                                                         KIMBERLY A. JOLSON
                                                                         UNITED STATES MAGISTRATE JUDGE